USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/15/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                 :
PAOLA D. VERA, ESQ.,                          :
                               Plaintiff,    :
                                                     :    17 Civ. 3123 (LGS)
                  -against-                   :
                                                     :    **OPINION AND ORDER**
THE DONADO LAW FIRM, et al.,           :
                                      Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Paola D. Vera, Esq., a former employee of The Donado Law Firm, was discharged after taking maternity leave, undergoing chemotherapy and raising concerns over her employer's alleged ethical violations. Plaintiff sues The Donado Law Firm and a number of other Defendants based on her termination and the events preceding it, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (the "ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL") and the New York City Human Rights Law, N.Y. Admin. Code § 8-107 (the "NYCHRL"). Plaintiff also alleges breach of contract. Defendant American Legal Counsels, PLLC Law Firm ("ALC") moves to dismiss the Complaint. For the following reasons, the motion is granted, and the Complaint is dismissed with respect to ALC.

## I.    BACKGROUND

       The following facts are taken from the Complaint and accepted as true for the purposes of this motion. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

       In May 2013, The Donado Law Firm (the "Firm") hired Plaintiff as an associate attorney. In and around December 2013, Plaintiff learned that the Firm and American Hope Group

("American Hope") were the subject of numerous lawsuits and complaints to the New York State Attorney General's Office concerning allegations of fraud. American Hope is not identified in the Complaint but apparently provided back office and marketing services to the Firm. Around this time, Plaintiff raised concerns about ethical violations the Firm was committing, but her concerns were dismissed.

Several months into her employment with the Firm, Plaintiff became pregnant. The Firm refused to pay her during her maternity leave, which began in April 2014. Soon after her maternity leave, the Firm hired a male associate attorney.

In mid-2014, Defendants Mauricio Villamarin, apparently a Firm partner, and Elizabeth Martinez, the Firm's Chief Financial Officer, closed American Hope and created ALC. Martinez became the President of ALC. ALC is domiciled in New York and is an employer within the meaning of the ADA, NYSHRL and NYCHRL.

In October 2014, Plaintiff was diagnosed with breast cancer. Approximately one month later, she began chemotherapy treatment. Plaintiff continued to work at the Firm, missing only those days when she received chemotherapy. Around this time, the Firm hired another male attorney.

In November 2014, Defendant Valmiro Donado personally fired Plaintiff without providing a reason. In December 2014, Plaintiff received a letter of termination, which cited purported changes in business and in the firm's volume of work as grounds for Plaintiff's termination.

## II. STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016). Furthermore, a plaintiff's pro se pleadings are liberally construed to "raise the strongest [claims] that [they] suggest." *Hill v. Curcione*, 657 F.3d 116, 122 (2d. Cir. 2011) (citation omitted).

### III. DISCUSSION

The Complaint as it pertains to ALC is dismissed because it alleges no facts about ALC that, if true, would plausibly state a claim upon which relief can be granted. The Complaint contains only three allegations about ALC: (1) ALC is domiciled in New York; (2) ALC is an employer within the meaning of the ADA, NYSHRL and NYCHRL; and (3) in mid-2014, American Hope was closed and ALC was created. None of these allegations plausibly suggests any wrongdoing on the part of ALC.

Drawing all inferences in favor of the non-moving party and assuming that American Hope somehow imparted successor liability to ALC, the Complaint similarly contains no

3

allegations that would state a claim against American Hope. The Complaint's sole allegations about American Hope are that Plaintiff learned that it and the Firm were the subjects of lawsuits and complaints concerning allegations of fraud, and that in mid-2014, American Hope was closed.

In her opposition to ALC's motion to dismiss, Plaintiff asserts in substance that Defendants Villamarin and Martinez created ALC while working at the Firm, that they aided and abetted the Firm's discriminatory acts while working for both ALC and the Firm, and that ALC was therefore an aider and abettor to the Firm's discriminatory acts. These allegations, even if Plaintiff were permitted to add them to the Complaint, are insufficient to state a claim. Plaintiff alleges no facts to suggest that ALC was involved in wrongdoing as it relates to her claims. Plaintiff also asserts no facts to suggest that Villamarin and Martinez were acting within the scope of their employment for ALC when they allegedly discriminated against Plaintiff. It is well established that, under New York law, an employer is not liable for the wrongful acts of its employees if the wrongful act did not occur within the scope of employment. *Hamm v. U.S.* 483 F.3d 135, 138 (2d Cir. 2007) (citing *Lundberg v. State*, 255 N.E.2d 177, 179 (N.Y. 1969)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to dismiss Defendant American Legal Counsels PLLC from the case and close the motion at Docket Number 7.

Dated: August 15, 2017
      New York, New York

                                             LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE