USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

PAOLA D. VERA, ESQ.,

                          Plaintiff,

-against-

THE DONADO LAW FIRM, et al.,

                          Defendants.

------------------------------------------------------------

17cv03123 (LGS) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE LORNA G. SCHOFIELD, U.S.D.J.:**

This employment-discrimination case, brought by *pro se* plaintiff Paola D. Vera, Esq. ("Plaintiff"), has been referred to this Court for general pretrial supervision, but, to date, this Court has been unable to supervise the matter, as the only defendant currently in the case, Mauricio Villamarin, Esq. ("Defendant"),[1] has repeatedly failed to comply with Court orders and appear for scheduled conferences. For this reason, and the reasons discussed further below, I recommend that the Court enter a default judgment against Defendant.

## BACKGROUND

On May 23, 2017, Defendant filed a *pro se* Answer to Plaintiff's Complaint (*see* Dkt. 4), and, on June 30, 2017, he appeared by telephone for an initial conference before Judge Schofield (*see* Docket entry dated June 30, 2017). As certain of the other defendants had not been served by the date of that conference, however, no discovery schedule was set at that time. Further, despite repeated directives by Judge Schofield (*see* Dkts. 3, 5, 8, 23, 29), it appears that Defendant failed at any time – either before or after the June 30 conference – to engage with

---

[1] Of the other defendants named in this case, The Donado Law Firm, Valmiro L. Donado, Esq., and Elizabeth Martinez have not appeared in the action to date (*see generally* Dkt.), and Plaintiff's claims against American Legal Counsels PLLC Law Firm have been dismissed (*see* Dkt. 28).

Plaintiff to discuss scheduling or to write to the Court jointly to propose a case-management plan (*see* Dkt. 5 (noting, in Order dated June 14, 2017, that "the parties [had] failed to timely submit the joint letter [and] proposed case management plan"); Dkt. 29 (noting the same, in Order dated Aug. 18, 2017); Dkt. 30 (Letter from Plaintiff to the Court, dated Aug. 21, 2017, stating that "Plaintiff has had no contact with the named defendants in this action")).

On August 22, 2017, the case was referred to this Court for general pretrial supervision (Dkt. 31), and this Court proceeded to schedule an in-person case-management conference for September 28, 2017 (Dkt. 32). Plaintiff then wrote to this Court on September 22, 2017, again stating that she had "had no communication with any of the named defendants," and requesting leave to appear at the September 28 conference by telephone. (Dkt. 34.) This Court granted that request, but Defendant did not appear for the conference at all. This Court's staff attempted to contact Defendant by telephone at the phone number provided on the Docket, but was only able to leave a message, which was not returned. Further, the notice of the conference that had been mailed to Defendant at the address shown on his Answer was returned to the Court as undeliverable. (*See* Dkt. entry dated Sept. 27, 2017.)

By Order dated October 16, 2017, this Court rescheduled its case-management conference to October 27, 2017 (Dkt. 35), and expressly cautioned Defendant in its Scheduling Order that failing to participate at that conference, or otherwise to defend this action, could result in the Court's entering a default judgment against him (*see id.*). This time, the copy of the Scheduling Order mailed to Defendant was not returned. Defendant, however, again failed to appear.

After Defendant had twice failed to appear, this Court issued an Order on November 8, 2017 (Dkt. 36), directing Defendant to show cause, in writing, no later than December 8, 2017,

2

why this Court should not recommend that a default judgment be entered against him. In that Order to Show Cause, this Court cautioned Defendant that, if it did not receive any response to the Order by December 8, 2017, it would proceed to make the recommendation of a default judgment.

To date, Defendant has filed no response to the Order to Show Cause. Nor has Defendant contacted this Court to request an extension of time to respond. Indeed, it appears that Defendant has not been in communication with either Plaintiff or the Court since the initial conference held on June 30, 2017 (nearly six months ago), and this Court has still been unable to reach him at the phone number he provided, which now has a recording indicating the line has either been disconnected or is no longer in service.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

Rule 16(f) of the Federal Rules of Civil Procedure allows a court to impose sanctions when a party fails to appear at a court-ordered conference. Specifically, Rule 16(f)(1) provides that:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). In turn, Rule 37(b) provides for a range of potential sanctions that are available for non-compliance with court orders, including the severe sanctions of directing that

3

matters be taken as established, striking a pleading, or rendering a default judgment. *See* Fed. R. Civ. P. 37(b)(2)(A)(i), (iii), (vi); *see also, e.g., Chopen v. Olive Vine, Inc.*, No. 12cv2269 (NGG) (MDG), 2014 WL 198814, at *3 (E.D.N.Y. Jan. 15, 2014) (adopting recommendation that defendants be sanctioned under Rules 16(f) and 37(b) for their repeated "failure to appear at Court conferences and [to] comply with Court Orders").

"In evaluating whether a default judgment is warranted [for a party's failure to comply with a court order], courts should consider the following factors: (1) the party's history of noncompliance, (2) whether the party had sufficient time to comply; and (3) whether the party had [received] notice that further delays would result in [default]." *Sony BMG Music Entm't v. Thurmond*, No. 06CV1230 (DGT) (RML), 2009 WL 4110292, at *3 (E.D.N.Y. Nov. 24, 2009) (order adopting report and recommendation). Before determining to impose a severe sanction, such as dismissal or default, the court should also consider the non-compliant party's willfulness or its reason for noncompliance, as well as the efficacy of lesser sanctions. *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *S.E.C. v. Euro Sec. Fund*, No. 98cv7347 (DLC), 2009 WL 2709316, at *4 (S.D.N.Y. Aug. 27, 2009) (citing *Agiwal*).

In this case, Defendant has now failed to appear for two Court-ordered conferences, and has also failed to respond to an order to show cause. These three strikes provide a sufficient history of non-compliance to justify sanctions. Further, nearly a month and a half has elapsed since this Court issued its November 8, 2017 Order to Show Cause, and nearly two weeks have passed since Defendant's response was due, and thus this Court has afforded Defendant ample time to comply. Moreover, this Court has made two attempts to give Defendant explicit notice, in writing, that his failure to comply with the Court's orders could result in a default judgment against him. Although this Court cannot be certain that Defendant received the written orders it

4

mailed to him, it notes that Defendant, even if proceeding *pro se*, is an attorney, and, as such, he may certainly be charged with the obligation of keeping himself informed of orders of the Court that appear on the Court's Docket. Finally, as this case simply cannot progress in the face of Defendant's continued absence, this Court finds that no lesser sanction than default would be appropriate here.

Accordingly, I hereby recommend that, for his failures to appear at scheduling conferences and to comply with Court orders, a default judgment be entered in Plaintiff's favor, pursuant to Rule 16(f)(1), against defendant Mauricio Villamarin, in an amount to be determined upon a damages inquest. I further recommend that Plaintiff be directed to submit a damages computation and evidentiary support for her claimed damages, so that a determination of damages can be made. More specifically, I recommend that Plaintiff be directed to support her proposed damages with a sworn affidavit or a declaration under penalty of perjury that (1) ties her proposed damages to the legal claims on which liability may be established by Defendant's default, (2) demonstrates how she arrived at any proposed damages figures, and (3) attaches as exhibits and contains an explanation of any documentary evidence that helps establish those proposed damages. Defendant should be given a reasonable opportunity to contest the amount of damages that Plaintiff is seeking.

Dated: New York, New York
December 21, 2017

Respectfully submitted,

*[signature]*

DEBRA FREEMAN
United States Magistrate Judge

<u>Copies to:</u>

Plaintiff (via ECF)

Mr. Mauricio Villamarin
27-00 Queens Plaza South
Of. 205
Long Island City, NY 11101